FILED

2019 APR 24 PM 3: 41

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **I N D I C T M E N T** |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:19 CR 247 |
| | ) | Title 18, Sections 1028A, |
| CARLOS DASHAWN BROWN, | ) | 1029(a)(2), and 1344, United |
| | ) | States Code |
| Defendant. | ) ) | |

JUDGE OLIVER

## **GENERAL ALLEGATIONS**

At all times material to this Indictment:

    1.    Defendant CARLOS DASHAWN BROWN was related by blood to the following individuals:

        A.  C.B., who was his half-sister;

        B.  C.W., who was his great-uncle; and

        C.  M.W., who was his great-aunt.

    2.    C.B. received Supplemental Security Income through the United States Social Security Administration because she had a "developmental disability," as defined in Title 42, Section 15002(8)(A), United States Code.

3. C.W., who was born in 1937, was an "elder," as defined in Title 42, Section 1397j(5), United States Code, because he was 60 or more years old.

4. M.W., who was born in 1940, was an "elder," as defined in Title 42, Section 1397j(5), United States Code, because she was 60 or more years old.

5. As detailed below, it was part of the scheme that Defendant fraudulently opened and made charges on credit card accounts. He then made payments for these charges. Defendant then falsely reported to the credit card issuers that the charges he had made to the accounts were fraudulently made by an unknown person or persons who had stolen or otherwise gained unauthorized access to the credit card accounts.

6. In response to Defendant's false fraud reports, the credit card issuers reversed the charges to these accounts, which created a credit balance in the accounts. Defendant would either make additional charges against the fraudulently created credit balances, or request that the credit card issuers refund the credit balance to him.

7. In response to Defendant's requests, American Express issued the following payments to Defendant, at his request, to refund the negative account balances caused by his false fraud reports:

| Date of Payment | Amount of Payment | Method of Payment | Originating Bank |
|---|---|---|---|
| December 9, 2017 | $6,000 | ACH Direct Deposit | Wells Fargo Bank, N.A. |
| January 29, 2018 | $29,089.17 | Wire Transfer | J.P. Morgan Chase Bank, N.A. |
| March 14, 2018 | $5,296.79 | Paper Check # 79643288 | Fifth Third Bank |

8. More specifically, on or about April 29, 2014, Defendant opened an American Express credit card account (-1009) using M.W.'s name and social security number. Defendant later added himself as an authorized used to this account. From on or about May 4, 2014, to on

2

or about July 31, 2015, Defendant made various charges to this account. Based on these charges, American Express lost approximately $9,243.44. He did all this without M.W.'s knowledge or permission.

9. On or about October 25, 2014, Defendant began making fraudulent charges on an American Express credit card account (-3003) opened and maintained by C.W. He made these charges without C.W.'s knowledge or permission. From on or about October 25, 2014, to on or about February 15, 2015, American Express lost approximately $12,832.05, because of the fraudulent charges Defendant made.

10. On or about February 17, 2015, Defendant opened an American Express credit card account (-1003) using C.W.'s name and social security number. Defendant later added himself as an authorized used to this account. From on or about February 24, 2015, to on or about May 7, 2015, Defendant made various charges to this account. Based on these charges, American Express lost approximately $10,753.57. Defendant did all this without C.W.'s knowledge or permission.

11. On or about June 9, 2017, Defendant opened an account (-9453) with savings features at Dollar Bank, FSB, in his own name but using C.B.'s social security number. Defendant opened and maintained this account without C.B.'s knowledge or permission.

12. On or about September 22, 2017, Defendant used his own name and C.B.'s social security number to add checking features to his account (-9453) at Dollar Bank, FSB. He added and maintained the checking features to this account without C.B.'s knowledge or permission.

13. On or about January 22, 2018, Defendant opened a checking account (-3316) at Fifth Third Bank, in his own name but using C.B.'s social security number. Defendant opened and maintained this account without C.B.'s knowledge or permission.

14. On or about the following dates, Defendant opened credit card accounts with the following issuers in his name using C.B's social security number:

| Account Opening Date | Account Issuer | Initial Account Number |
|---|---|---|
| 01/12/2016 | Synchrony (for Wal-Mart) | -0583 |
| 01/11/2016 | Synchrony (for J.C. Penny) | -3941 |
| 02/27/2017 | Citi Bank | -6513 |
| 03/20/2017 | American Express | -2000 |
| 03/28/2017 | American Express | -3009 |
| 05/25/2017 | American Express | -1002 |
| 06/23/2017 | Citi Bank | -6543 |
| 08/03/2017 | American Express | -1004 |
| 02/12/2018 | Fifth Third Bank | -9292 |

Defendant opened and maintained these accounts without C.B.'s knowledge or permission.

15. From on or about January 22, 2016, to on or about June 18, 2018, Defendant made charges to the credit accounts listed in Paragraph 14. Based on these charges, the credit issuers listed in Paragraph 14 lost approximately $34,431.27.

16. M.W. maintained a personal checking account at Comerica Bank where, among other funds, she deposited the proceeds of her pension.

17. From on or about July 17, 2017, to on or about February 19, 2018, Defendant initiated unauthorized fund transfers totaling approximately $35,492.85, from M.W.'s Comerica Bank account to pay for the charges he had made to the various credit card accounts he had fraudulently opened and used. Defendant did this without M.W.'s knowledge or permission.

18. Additionally, from on or about July 1, 2017, to on or about April 27, 2018, Defendant used the funds in M.W.'s Comerica Bank account to purchase goods and services totaling approximately $24,620.73. Defendant did this without M.W.'s knowledge or permission.

## COUNT 1
(Unauthorized Use of an Access Device, 18 U.S.C. § 1029(a)(2))

The Grand Jury charges:

19. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

20. From on or about January 1, 2016, to on or about December 31, 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, CARLOS DASHAWN BROWN, the defendant herein, did knowingly and with the intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period, to wit: credit cards issued by American Express, Fifth Third Bank, and Synchrony Bank, and by such conduct did obtain goods and services valued at $1,000 or more during that period, such conduct affecting interstate or foreign commerce, all in violation of Title 18, Section 1029(a)(2), United States Code.

## COUNT 2
(Unauthorized Use of an Access Device, 18 U.S.C. § 1029(a)(2))

The Grand Jury further charges:

21. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

22. From on or about January 1, 2017, to on or about December 31, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, CARLOS DASHAWN BROWN, the defendant herein, did knowingly and with the intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period, to wit: credit cards issued by American Express, Fifth Third Bank, and Synchrony Bank, and by such conduct did obtain goods and services valued at $1,000 or more during that period, such conduct affecting interstate or foreign commerce, all in violation of Title 18, Section 1029(a)(2), United States Code.

COUNT 3
(Unauthorized Use of an Access Device, 18 U.S.C. § 1029(a)(2))

The Grand Jury further charges:

23. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

24. From on or about January 1, 2018, to on or about December 31, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, CARLOS DASHAWN BROWN, the defendant herein, did knowingly and with the intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period, to wit: credit cards issued by American Express, Fifth Third Bank, and Synchrony Bank, and by such conduct did obtain goods and services valued at $1,000 or more during that period, such conduct affecting interstate or foreign commerce, all in violation of Title 18, Section 1029(a)(2), United States Code.

COUNT 4
(Bank Fraud, 18 U.S.C. § 1344)

The Grand Jury further charges:

25. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

26. At all times material to this Indictment, Wells Fargo Bank, N.A. was a financial institution as defined in Title 18 United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

27. On or about December 9, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant CARLOS DASHAWN BROWN knowingly executed and attempted to execute a scheme and artifice to obtain money under the custody and control of

Wells Fargo Bank, N.A. by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, Section 1344(2), United States Code.

## COUNT 5
(Bank Fraud, 18 U.S.C. § 1344)

The Grand Jury further charges:

28. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

29. At all times material to this Indictment, J.P. Morgan ChaseBank, N.A. was a financial institution as defined in Title 18 United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

30. On or about January 29, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant CARLOS DASHAWN BROWN knowingly executed and attempted to execute a scheme and artifice to obtain money under the custody and control of J.P. Morgan ChaseBank, N.A. by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, Section 1344(2), United States Code.

## COUNT 6
(Bank Fraud, 18 U.S.C. § 1344)

The Grand Jury further charges:

31. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

32. At all times material to this Indictment, Fifth Third Bank was a financial institution as defined in Title 18 United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

33. On or about March 14, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant CARLOS DASHAWN BROWN knowingly executed and attempted to execute a scheme and artifice to obtain money under the custody and control of Fifth Third Bank by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, Section 1344(2), United States Code.

## COUNT 7
(Bank Fraud, 18 U.S.C. § 1344)

The Grand Jury further charges:

34. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

35. At all times material to this Indictment, Comerica Bank was a financial institution as defined in Title 18 United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

36. From on or about July 1, 2017, to on or about April 27, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant CARLOS DASHAWN BROWN knowingly executed and attempted to execute a scheme and artifice to obtain money under the custody and control of Comerica Bank by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, Section 1344(2), United States Code.

## COUNT 8
(Aggravated Identity Theft, 18 U.S.C. § 1028A)

The Grand Jury further charges:

37. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

38. From on or about April 29, 2014, to on or about June 6, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, defendant CARLOS DASHAWN BROWN,

during and in relation to felony violations of Title 18, United States Code, §§ 1029(a)(2) and 1344(2), knowingly transferred, possessed and used, without lawful authority, a means of identification of another person, to wit: M.W. (whose identity is known to the Grand Jury), knowing that said means of identification belonged another real person, all in violation of Title 18, United States Code, § 1028A(a)(1).

## COUNT 9
(Aggravated Identity Theft, 18 U.S.C. § 1028A)

The Grand Jury further charges:

39. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

40. On or about February 17, 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, defendant CARLOS DASHAWN BROWN, during and in relation to felony violations of Title 18, United States Code, §§ 1029(a)(2) and 1344(2), knowingly transferred, possessed and used, without lawful authority, a means of identification of another person, to wit: C.W. (whose identity is known to the Grand Jury), knowing that said means of identification belonged another real person, all in violation of Title 18, United States Code, § 1028A(a)(1).

## COUNT 10
(Aggravated Identity Theft, 18 U.S.C. § 1028A)

The Grand Jury further charges:

41. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

42. From on or about October 31, 2015, to on or about February 12, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, defendant CARLOS DASHAWN

BROWN, during and in relation to felony violations of Title 18, United States Code, §§ 1029(a)(2) and 1344(2), knowingly transferred, possessed and used, without lawful authority, a means of identification of another person, to wit: C.B. (whose identity is known to the Grand Jury), knowing that said means of identification belonged another real person, all in violation of Title 18, United States Code, § 1028A(a)(1).

A TRUE BILL.

Original document—Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.