UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:19 CR 247 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CARLOS DASHAWN BROWN, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Carlos Dashawn Brown's ("Defendant" or "Mr. Brown") Motion to Dismiss the Indictment (ECF No. 51), pursuant to 18 U.S.C. §§ 3161–62. For the foregoing reasons, the court denies Defendant's Motion.

**I. BACKGROUND**

**A. Factual Background**

On April 24, 2019, Defendant was indicted for allegedly perpetuating a fraudulent credit card scheme where he would falsely open, charge, and report charges. (Indictment at PageID #2, ECF No. 1.) As part of his scheme, Defendant opened multiple credit card accounts with various financial institutions, using his family member's names without their knowledge, resulting in thousands of dollars of fraudulent charges. (*Id.*) Defendant was indicted by a grand jury charging him with ten different counts under 18 U.S.C. §§ 1029, 1344, and 10208A, including: unauthorized use of an access device; bank fraud; and aggravated identity theft. (*Id.*)

**B. Procedural Background**

Defendant was indicted on April 24, 2019. (ECF No. 1.) The next day, on April 25, Defendant's arraignment was held before Magistrate Judge Jonathan D. Greenberg, where he plead not guilty and was released on bond. Shortly thereafter, in the criminal pretrial order, the court scheduled his trial for July 2, 2019. (ECF No. 11.) Defendant filed his first motion on May 31, 2019, requesting the court allow him leave to travel, which was subsequently denied on June 13, 2019. (ECF No. 12.) Defendant later filed a motion on June 14, 2019, to continue trial and all dates and deadlines, that the court granted for sixty days under 18 U.S.C. § 3161(h)(7)(a)–(B), finding that the ends of justice served by continuance of trial outweighed the best interest of the public and Defendant. (ECF No. 13.)

On June 27, 2019, the Magistrate Judge ordered the Defendant detained for violating conditions of his bond. On that same date, the Government filed a motion to determine Defendant's competency, and Defendant filed a motion to revoke his detention order. (ECF No. 20, 21.) On July 11, 2019, the court denied the Government's motion to determine competency, which was opposed by Defendant. The court also granted Defendant's motion to revoke detention order. Defendant filed a motion on August 23, 2019, to continue trial for 60 days with respect to all dates and deadlines, which the court granted with an ends of justice continuance. (ECF No. 27.) On October 16, 2019, the court granted another ends of justice continuance for sixty days. Thereafter, on December 19, 2019, the court granted the parties' joint oral motion for a competency examination and evaluation of Defendant to determine if he was competent to stand trial. (ECF No. 30.) As part of that order granting the motion, Defendant was "permitted to self report to the nearest facility as designated by the Bureau of Prisons within 45 days of said designation. Defendant shall remain at the facility until completion of the examination, after which he shall be released on bond . . ." (*Id.*)

However, shortly thereafter, on December 23, 2019, the court amended its December 19 order, having found that Defendant violated the terms of his bond. (ECF No. 34.) Accordingly, the court ordered that, "Defendant shall remain in custody and shall not be allowed to self-report to his examination. Instead, "he must immediately report as soon as a facility is designated and the examination shall be conducted as soon as possible." As previously ordered, the report shall be submitted to the court within thirty (30) days of completion of said evaluation." (*Id.*) A review of the record pertaining to the court's December 23, 2019 amended order, and the facts and circumstances surrounding his mental competency exam establish the following time line. January 10, 2020, was the Bureau of Prisons ("BOP") initial designation date for Defendant's examination based on the court's December 19 order. (Def.'s Reply, Ex. 1 at PageID #293–294, ECF No. 61–1.) January 24, was the BOP's subsequent and final, designation to transport Defendant based on the court's amended order of December 23 to a federal medical center in Lexington, KY. (*Id.*) On January 29, the United States Marshal Service ("USMS") determined that it would be able to transport Defendant no later than February 7. (*Id.*) Following that determination, on February 3, USMS began its transportation of Defendant to the federal medical center in Lexington, with Defendant arriving on February 7. (*Id.*) On March 9, 2020, upon the completion of Defendant's competency evaluation, the BOP informed the USMS that Defendant was ready to be transported back to federal custody in Northeast Ohio. (*Id.*) On March 25, Defendant was returned to federal custody in Northeast Ohio.

On April 17, 2020, the court received Defendant's psychiatric report. After granting Defendant's motion to continue the competency hearing, it was scheduled for, and held, on September 29, 2020 (ECF No. 37.) After that hearing, the court determined that Defendant was competent to stand trial and assist in his defense. (ECF No. 40.) On November 20, 2020, the court granted an additional 30 days to the parties to determine if they could reach agreement on the terms

of a plea. (ECF No. 46.) On December 21, 2020, the court granted the motion of defense counsel for another thirty-day continuance, with an ends of justice finding, so he could continue to explore plea possibilities. The court also denied a renewed request by Mr. Brown for bond at that time, finding that no appropriate residence had been identified to which he could be released. At the December 21 conference the court ordered Mr. Brown to stop sending letters to the court and that he should communicate through counsel. On January 28, 2021, the court granted, with an end of justice finding, an additional motion by Defendant's counsel for a continuance of 30 days to see if a plea agreement could be reached with the Government. On February 28, a similar motion was filed by defense counsel for a forty-five day continuance which the court granted with an ends of justice finding. At that February 28, 2021 pretrial, the pretrial probation officer reported that suitable residence was found at which Mr. Brown could stay if he were to be released on bond. On May 6, 2021, the court granted the Motion of Mr. Brown's counsel, Darin Thompson, to withdraw from the case. Thereafter, the court appointed his current counsel, John Ricotta. On July 6, 2021, Defendant, himself, filed his Motion to Dismiss the Indictment (ECF No. 51) pursuant to 18 U.S.C. §§ 3161–62, despite being told by the court on a number of occasions that all pleadings, motions and other court-related documents were to be filed by counsel, not Defendant. The Government filed its opposition on July 27, 2021 (ECF No. 52.) On July 30, 2021, Defendant's attorney, Mr. John Ricotta, filed a supplemental reply in support of Defendant's *pro se* Motion, further explaining his client's position and offering clarification on Defendant's main points. (ECF No. 54.) On August 20, 2012, the Government filed a supplement to its opposition brief (ECF No. 61).

## II. LEGAL STANDARD

In relevant part, the Speedy Trial Act mandates that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the

commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act includes various exclusions of time from the seventy-day rule, including,

> [a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; . . . [and] (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to unreasonable[.]

18 U.S.C. § 3161(h). In considering § 3161(h)(1)(F)—that section concerning excludable time periods for mental competency examinations under the Speedy Trial Act—the Sixth Circuit has held that delays extending beyond ten days are presumptively unreasonable in the absence of additional evidence to explain the delay. *Id.* at 596. In calculating excludable time under the Speedy Trial Act, weekends and federal holidays are exempted. *Id.* at 597 (citing *United States v. Bond*, 956 F.2d 628, 632 (6th Cir. 1992) (citing F. R. Civ. P. 45(a)). The remedy for a violation of the Speedy Trial Act is dismissal of the case. 18 U.S.C. § 3162(a)(1). In determining whether the dismissal should be with or without prejudice, the court must consider: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

### III. LAW AND ANALYSIS

Defendant seeks to dismiss the Indictment under 18 U.S.C. §§ 3161–62, arguing that the seventy-day period under the Speedy Trial Act has elapsed. (Def.'s Mot. at PageID #51, ECF No. 51.) In his supplemental brief, Defendant further clarifies his argument, maintaining that there was excessive delay under § 3161(h)(1)(F) because: (1) his arrival for his mental competency examination occurred forty-five days after the order requiring the exam; and (2) that the Sixth Amendment's speedy trial provision demands prompt resolution of criminal cases. (Def.'s Suppl. at PageID #54, ECF No. 54.) The Government counters by arguing that: (1) only forty-nine days of non-excludable time has elapsed, maintaining that all the time Defendant seeks to add related to his transport to and from the mental health facility is excludable; (2) Defendant has caused significant time delays; and (3) the date for transport in the order upon designation of a facility, not the date of the order, controls when time begins under § 3161(h)(1)(F). (Reply at PageID #286–289, ECF No. 61.) After considering the parties' arguments and relevant case law, the court finds that the order requiring Defendant's mental competency examination, also sets a specific time frame for when transportation was to take place, after the designation of a facility. Thus, the time for transportation under § 3161(h)(1)(F) did not begin to run until January 24, 2020, the date when the facility was designated. The court's decision is explained in detail below.

However, at the outset, the court will reiterate certain factual background surrounding Defendant's mental competency examination that is relevant to the discussion herein. As noted, on December 23, 2019, the court amended its December 19 order, because Defendant had violated the terms of his bond, and was taken into custody. (ECF No. 34.) As a result, the court ordered that, "Defendant shall remain in custody and shall not be allowed to self-report to his examination. Instead, he must immediately report as soon as a facility is designated and the examination shall be conducted as soon as possible." (*Id.*) On that day, the USMS also contacted the BOP to inform it that

-6-

Defendant had been remanded. (Def.'s Reply, Ex. 1 at PageID #293–294, ECF No. 61–1.) On January 10, 2020, the BOP had made its initial designation of Defendant's facility based on the court's December 19 order, but then reported needing additional time to make the final designation determination because Defendant was remanded. (*Id.*) By January 24, 2020, the BOP had made its final designation of Defendant to a federal medical center based in Lexington, KY, and began to arrange Defendant's transportation. (*Id.*) Thereafter, on January 29, 2020, the USMS finalized Defendant's transportation plan. (*Id.*) On February 3, 2020, USMS began to transport Defendant from federal custody to the federal medical center in Lexington, KY. (*Id.*) By February 7, 2020, Defendant arrived at the facility for his examination. (*Id.*) Subsequently, on March 9, 2020, following the completion of Defendant's competency evaluation, the BOP informed the USMS that Defendant was ready to be transported back to Northeast Ohio federal custody. (*Id.*) Finally, Defendant arrived back into federal custody on March 25, 2020. (*Id.*)

### A. Mental Competency Examination

Both parties agree that forty-nine days of non-excludable time has elapsed under the Speedy Trial Act. (Def.'s Suppl. at PageID #241, ECF No. 54.) However, they disagree on whether the time elapsed from the court's issuance of its December 23, 2019 order, to when Defendant arrived at the facility for his mental health evaluation is excludable. In *U.S. v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009), the court considered whether a delay in transporting a defendant to his mental competency hearing was excludable under § 3161(h)(1)(F). The court first concluded that § 3161(h)(1)(F) is a specific exception to the excludable time periods noted in § 3161(h)(1)(A). *Id.* The court stated that, "[t]he only way to avoid conflict between § 3161(h)(1)(A) and § 3161(h)(1)(F) is to read § 3161(h)(1)(F) as a specific exception to the general rule announced in § 3161(h)(1)(A): *i.e.*, all delays caused by proceedings to determine a defendant's competency are excluded, except for the time it

is supposed to be in transit, which is presumptively unreasonable if longer than ten days." *Id.* Weekends and holidays are exempted when calculating that ten-day excludable time period in § 3161(h)(1)(F). *Id.* at 597. In *U.S. v. Turner*, 602 F.3d 778, 784 (6th Cir. 2010), the Sixth Circuit further clarified that the ten-day excludable time period begins "the date . . . [of] an order directing such transportation."

Here, a review of the record reveals that on December 23, 2019, this court issued an order granting Defendant's mental competency examination, stating that, "he [Defendant] must immediately report as soon as a facility is designated and the examination shall be conducted as soon as possible." (ECF No. 34.) Under § 3161(h)(1)(F), the ten-day excludable time period begins to run "from the date [of] an order of removal or an order directing such transportation." *Turner*, 602 F.3d at 784. Defendant relies on this exception, stating that the time delays incurred while awaiting his transport are non-excludable because more than thirty days elapsed. (Def.'s Suppl. at PageID #241, ECF No. 54.) The Government disputes that the court's December 23, 2019 order began the ten-day excludable time period in § 3161(h)(1)(F), by arguing that under *Turner* that: (1) this court's order did not specifically direct the USMS to transport Defendant, but rather ordered his report once a facility was designated; (2) the order was clearly conditioned on the BOP's designation of a facility; and (3) that the date of designation, and not the date of the order, controls when the ten-day excludable time period begins under § 3161(h)(1)(F). (Suppl. Br. at PageID #287–89, ECF No. 61.) The court will address each of the government's arguments in turn.

In *Turner*, this Circuit considered an order directing defendant's evaluation to the USMS in an "appropriate, expeditious manner". *Id.* at 784. The court concluded that the order was sufficient to begin the ten-day excludable time frame in § 3161(h)(1)(F), stating that, "[the order] qualifies as an "order directing . . . transportation," even if it speaks only of transportation to a Federal Medical

Center, not a specific facility." *Id.* The court went on to note that courts need not, but may ensure that time, which elapses between a court's order requiring examination and the date of designation is excluded under the Speedy Trial Act. "The third response [to the government's arguments] is that the order directing examination need not direct transportation. If the government fears that a defendant's placement could take some time, it is free to suggest that the court not issue an order directing transportation at that point. Nothing in the statute forbids giving the government some time (though presumably not unlimited time) to find a placement before issuing an "order directing . . . transportation." *Id.* at 785. The court concludes that consistent with the Sixth Circuit's *Turner* opinion, this court's December 23, 2019 order was explicit as to when transportation was to begin, only once a facility had been designated. Therefore, the ten-day non-excludable time period under § 3161(h)(1)(F) began to run once Defendant's facility was designated. It should not matter that this result was accomplished through one order, rather than the two that *Turner* suggests as a possibility.

In relevant part, the court's December 23 order states that, "he [Defendant] must immediately report as soon as a facility is designated and the examination shall be conducted as soon as possible." (ECF No. 34.) Thus, here, unlike *Turner*, the order had specific parameters and a timeline as to when transportation was to begin, only after a facility was designated. Additionally, the court notes that the government's reading of the order is more aligned with the realities of the nature of mental competency examinations. It will almost always take the USMS and BOP more than ten days from the time of an order to adequately designate, coordinate, and transport a defendant. While the Circuit in *Turner* suggested the possibility of two separate orders—one directing the examination, and one directing transportation once a placement is decided—to address these realities, this court's order achieves this by combining those two directives in the same order. *Id.* at 785.

This court simultaneously directed Defendant's evaluation and transportation in a way that

not only reflected the realities of mental competency examinations, but also resolved the need for separate orders that could potentially further delay an already protracted process for the USMS and BOP. Thus, the court determines that the ten-day non-excludable time period under § 3161(h)(1)(F) began on January 24, 2020, when the BOP made its final designation as to where Defendant's mental competency examination was to occur because the court's December 23, 2019 order explicitly stated that transportation should occur only once a facility had been designated. The court next considers the time that elapsed during Defendant's transportation. Both parties agree that Defendant did not arrive at the facility for his mental competency evaluation until February 7, 2020. Excluding weekends and federal holidays—as required by *Tinklenberg*—the court calculates that only nine days elapsed from January 24, 2020 (the date the BOP made its final designation) to February 7, 2020 (the date Defendant arrived at the facility). Because only nine days elapsed, no days are added to the Speedy Trial Act calculation, and thus the number of non-excludable days remains forty-nine, as stipulated by both parties. Thus, there has been no violation of the Speedy Trial Act because only nine days of excludable time elapsed from the date of final designation to Defendant's transport, keeping the number of non-excludable days at forty-nine.

### B. Rebuttable Presumption

Even if this court is incorrect about its designation directive in its December 23, 2019 order being consistent with *Turner*, there has still been no violation of the Speedy Trial Act because the Government has rebutted a presumption of unreasonableness in Defendant's transport. Excluding weekends and holidays, the court calculates that thirty-three days elapsed from December 23, 2019 to February 7, 2020. Subtracting the ten excludable days that § 3161(h)(1)(F) permits, the total number of non-excludable days comes to twenty-three days. The Government contends that the delay is the result of the court having to amend its December 19 order on December 23, which required

additional time by the bureau to make a final designation because Brown was remanded to federal custody for violating his bond. (Suppl. Br. at PageID #284, ECF No. 61.) More specifically, in his affidavit to the court addressing this issue, Officer Oleksiak—who was responsible for Defendant's transportation—stated, "[o]n January 10, 2020, BOP notified me that it had made an initial designation based on the Court's December 19, 2019 order for Brown to be examined for competency at the Federal Medical Center at Lexington, Kentucky ("FMC Lexington"). It was not certain at that time if BOP would maintain this designation since the Court had subsequently remanded Brown." (Suppl. Br., Ex. 1 at PageID #279–80, ECF No. 61-1.) Accordingly, the Government seeks to exempt those lapsed non-excludable days during Defendant's transportation by this explanation.

Once again, *Turner* is instructive. There, the court noted that, "[t]he government notes that finding a placement for a defendant like Turner can take time and argues that the ten-day limit of § 3161(h)(1)(F) could cause practical difficulties . . . after a ten-day delay, § 3161(h)(1)(F) establishes a *presumption* of unreasonableness, not a conclusion of unreasonableness. If legitimate problems arise in transporting a defendant, the government legitimately may rebut that presumption." *Turner*, 602 F.3d at 785. Though the court found that the presumption was not rebutted because of the vague and incomplete explanation by the Government, such is not the case here. *Id.* This court concludes that the sort of issue the BOP and USMS encountered in transporting Defendant qualifies as a "legitimate problem" given that the circumstances of Defendant's examination rapidly changed because of his bond violation, that resulted in his return to custody, and inability to self-report, that the court had first permitted. Further, the court determines that the Government has met its burden in establishing a rebuttable presumption accounting for the extended time beyond those ten days allowed under § 3161(h)(1)(F), given these circumstances as well as the overall circumstances

-11-

surrounding the delay. First, nothing suggest that it took the BOP an inordinate amount of time to redesignate a facility for Defendant. Second, there was no delay by the USMS because transportation occurred less than ten days after the facility was designated. Therefore, the court determines that no non-excludable days are added to its Speedy Trial calculation, meaning that the number of non-excludable days remains at forty-nine. Finally, the court notes that had Defendant's bond not been revoked, he would have had forty-five days to self report from this court's December 19, 2019 order, meaning that he would have had until February 25, 2020 to report, which is actually longer than it took the USMS to plan, designate, and transport Defendant to the facility.

Next, Defendant argues that an additional four non-excludable days should be included to the court's calculation, resulting from Defendant's return to federal custody. (Def's. Suppl. at PageID #242, ECF No. 54.) More specifically, he argues that, "[t]he competency exam was completed on March 11, 2020, and defendant was not returned to the Ohio facility until March 25, 2020, an additional 4-days over the 10-days limitation should also be counted." (*Id.*) Plaintiff counters by arguing that no days should be counted during Defendant's return to federal custody, following his examination, under § 3161(h)(1)(A) because "after he has been examined and is awaiting to be transported back to his home district the Court is still awaiting the report from the facility and cannot act until it is received." (Suppl. Br. at PageID #290, ECF No. 61.); *see also* 18 U.S.C. § 3161(h)(1)(A) (stating that, "[t]he following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: any period of delay resulting from other proceedings concerning the defendant, including but not limited to-delay resulting from any proceeding, including any examinations, to determine the mental competency ro physical capacity of the defendant . . . .").

The court finds the Government's argument well-reasoned and persuasive for the following

reasons. First, the plain language of § 3161(h)(1)(F) fails to mention any excludable time period for a defendant's return to federal custody following his competency examination. Instead, that section principally addresses a defendant's transport to their competency proceeding. Second, even if Defendant is correct, the time elapsed from March 9. 2020—the conclusion of his competency examination—to March 25, 2020—when he returned to federal custody—accounts for only three non-excludable days, after exempting those ten days under § 3161(h)(1)(F). Therefore, under Defendant's interpretation, only fifty-two non-excludable days elapsed in total, significantly less than the seventy days permitted under the Speedy Trial Act. Therefore, the court determines that there has been no violation of the Speedy Trial Act because: (1) the Government has rebutted the presumption of unreasonable time delays under § 3161(h)(1)(F), meaning those twenty-three days associated with Defendant's transportation are excluded; and (2) no time elapsed during Defendant's return to federal custody, resulting in a total of forty-nine non-excludable days under the Speedy Trial Act. Thus, the Speedy Trial Act has not been violated.

## IV. CONCLUSION

In sum, the court concludes that Defendant's Motion to Dismiss (ECF No. 51) fails because seventy days of non-excludable time has not elapsed under 18 U.S.C. § 3161. Instead, only nine excludable days elapsed from the BOP's designation of Defendant's facility to his transport of said facility. Even if the court's interpretation of its December 23, 2019 order regarding its directive of designation is incorrect, the government has met its burden in rebutting a presumption of unreasonableness given the difficulties associated with Defendant's transport because: (1) nothing suggests that it took the BOP an inordinate amount of time to redesignate a facility; (2) no delay occurred by the USMS because Defendant's transportation took less than ten days; and (3)

Defendant's violation of his bond resulted in a quicker completion of the examination than he would have had, if he maintained his right to self-report. Therefore, for the foregoing reasons, the court denies Defendant's Motion to Dismiss (ECF No. 51).

    IT IS SO ORDERED.

                                                    */s/ SOLOMON OLIVER, JR.*
                                                    UNITED STATES DISTRICT JUDGE

October 13, 2021